# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROGER BUCKLAND,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0726** (BOR Appeal No. 2052660)
(Claim No. 2016029362)

**CITY OF CHARLESTON,**
**Employer Below, Respondent**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Roger Buckland, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Charleston, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is the addition compensable conditions to the claim. The claims administrator denied the addition of neuralgia and neuritis to the claim on May 19, 2017. The Office of Judges affirmed the decision in its February 6, 2018, Order. The Order was affirmed by the Board of Review on July 20, 2018.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buckland, a laborer, was injured in the course of his employment on May 18, 2016, when a dolly fell on his right foot. A treatment note from MedExpress that day indicates he was seen for a right foot injury. He reported that a dolly holding 750 pounds of paint dropped on his foot at work. A right ankle x-ray showed no bone abnormality. He was diagnosed with right foot contusion. The Employees' and Physicians' Report of Injury was completed that day as well and indicates Mr. Buckland injured his right foot when a dolly fell on it. The diagnosis was listed as contusion of lower limb. The claim was held compensable for contusions of the thigh, right foot, and ankle.

1

An MRI of the right lower extremity was performed on June 30, 2016, and indicated hematoma and soft tissue injury in the right ankle and soft tissue edema and degenerative changes in the foot. Mr. Buckland underwent physical therapy. Treatment notes by Mark Henrich, P.T., indicate Mr. Buckland's chief complaint was right ankle pain. It was noted that he has diabetes.

In an August 30, 2016, treatment note, Carrie Gosselink, D.P.M., noted that Mr. Buckland presented with right foot pain. It was noted that he sustained a work injury in May of 2016 in which a metal pole fell on the right foot. An MRI showed calcaneal coalition[1] and he was placed in a cam walker. Mr. Buckland also reported numbness in his toes. Dr. Gosselink diagnosed other specified injuries of the right lower leg, neuralgia and neuritis, right foot contusion, and localized swelling. An EMG was ordered for neuralgia/neuritis.

An EMG was performed on September 28, 2016, by Glenn Goldfarb, M.D., which showed polyneuropathy in both legs. On October 5, 2016, Mr. Buckland returned to Dr. Gosselink and reported that he had developed right big toe pain. He was diagnosed with ingrown toenail and it was noted that proper diabetic foot care was discussed. Mr. Buckland was then seen by Clark Adkins, M.D., on October 27, 2016. Mr. Buckland reported difficulty walking and a significant amount of swelling, as well as persistent numbness. It was noted that the x-rays show a tarsal coalition. Dr. Adkins diagnosed other specified injuries of the right lower leg and neuralgia and neuritis.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on November 16, 2016, in which he noted that the compensable condition was crush injury to the right foot. He found that Mr. Buckland needed no further treatment. He noted that Mr. Buckland had noncompensable pitting edema of both lower legs. Dr. Mukkamala opined that though Mr. Buckland was likely unable to return to full duty, this was not due to the compensable injury. He noted noncompensable comorbid conditions in the form of neuropathy and peripheral edema. He also noted that though Mr. Buckland had swelling in both legs, there was slightly more swelling in the right ankle. Dr. Mukkamala opined that the swelling was, for the most part, not related to the compensable injury because it was present in both legs. Dr. Mukkamala assessed 3% whole person impairment.

Mr. Buckland returned to Dr. Gosselink on November 16, 2016, for chronic right foot and ankle pain and swelling secondary to a work-related crush injury. The assessment was other specified injuries of the right lower leg, neuralgia, and neuritis. Mr. Buckland had shown minimal improvement with medication and physical therapy. On December 7, 2016, the diagnoses remained the same. Dr. Gosselink noted that crush injuries often lead to long-term nerve damage and pain. She further noted that though Mr. Buckland had neuropathy prior to the compensable injury, he had a long history of functioning without problem while performing his job duties. Dr.

---

[1] The employer submitted an article on tarsal coalition. The condition is one in which two or more bones in the foot are joined. Calcaneal coalition refers to bones in the hind foot joining, and it is a subtype of tarsal coalition. The condition is congenital and usually presents as recurrent sprains and pain in the effected bones.

Gosselink therefore concluded that the worsening of the neuropathy and pain was due to the compensable injury.

Dr. Gosselink completed a diagnosis update on December 30, 2016, requesting that other specified injuries of the right lower leg and neuralgia and neuritis be added to the claim. The claims administrator denied the request on May 19, 2017. On June 14, 2017, Dr. Gosselink took Mr. Buckland off of work for six months due to neuralgia and neuritis, other specified injury of the right lower leg, and congenital deformities of the feet. She treated him again on August 31, 2017, and opined that he had post-traumatic pain, swelling, and neuralgia due to his compensable injury. She stated that she has no documentation in her records showing evidence of neuralgia prior to the compensable injury.

The Office of Judges affirmed the claims administrator's denial of the addition of neuralgia and neuritis to the claim in its February 6, 2018, Order. It found that a preponderance of the evidence shows that Mr. Buckland has neuropathy in both legs, which is a symptoms of diabetes. He was found to have regularly reported neuropathy since the date of the injury. Further, an EMG showed polyneuropathy in both legs. Also, Dr. Gosselink, Mr. Buckland's podiatrist, has provided wound and diabetic foot care instructions to him for conditions unrelated to the compensable injury. The Office of Judges found that Dr. Gosselink failed to consider a causal relationship between Mr. Buckland's diabetes and the cause of his neuralgia and neuritis and also failed to explain why the polyneuropathy is present in both the injured and uninjured leg. The Office of Judges concluded that Dr. Mukkamala's report was the most persuasive of record. He reviewed the records, interviewed Mr. Buckland, and physically examined him. Dr. Mukkamala found that Mr. Buckland had reached maximum medical improvement for the compensable injury and that the neuropathy was unrelated to the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 20, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Though Mr. Buckland sustained a compensable crush injury to his right lower extremity, the evidence indicates that his neuritis and neuralgia are the result of diabetes rather than the compensable injury. Most compelling is the fact that he has the condition in both the injured and uninjured leg, indicating the cause is not the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison